1  WILLIAM A. LEONARD, JR.
   6625 S. Valley View Blvd.
2  Bldg. B, Suite 224
   Las Vegas, NV 89118
3  (702) 262-9322
   TRUSTEE
4  JenniferBK@cox.net

5

6                       UNITED STATES BANKRUPTCY COURT

7                              DISTRICT OF NEVADA

8  In re                              )   Case No. BK-S 14-11845 ABL
                                      )
9  KENNETH MILLER                     )   IN PROCEEDINGS UNDER CHAPTER 7
                                      )
10                                    )   TRUSTEE'S MOTION TO SELL ESTATE'S
                                      )   RIGHT AND INTEREST IN PATENTS
11                                    )
              Debtor(s)               )   Date:    February 19, 2015
12                                    )   Time:    11:00 a.m.
                                      )   Place:   Foley Bldg., Third Floor
13 _____    )

14

15        The Trustee, William A. Leonard, Jr. Moves this court for an order allowing him to sell

16 ESTATE'S RIGHT AND INTEREST IN PATENTS to,:

17 MK CONSTRUCTION, LLC, A CONNECTICUT LIMITED LIABILITY COMPANY,

18 MICHELLE KNAPP, OR THEIR ASSIGNED.

19                       Patent number US 8,109,055 B2

20 A structural insulated panel includes a rigid foam core without thermal bridging. A particular

21 embodiment includes a rigid foam core having first and second faces, a plurality of stud channels

22 being formed in the rigid foam core in an L-shaped cross section.  The particular embodiment

23 includes a plurality of studs being insert-able into the plurality of stud channels such that one face of

24 each of the plurality of studs being external to the first and second faces of the rigid foam core and

25 substantially flush with a face of the rigid foam core, each of the plurality of studs being fabricated

26 using no more than four bends to produce a stud with a hat channel shape in cross-section.

27 //////////

28 //////////

1                 Patent number US 8,109.058 B2

2 A structural insulated panel includes a rigid foam core without thermal bridging. A particular

3 embodiment includes a rigid foam core having first and second faces, a plurality of stud channels

4 being formed in the rigid foam core in an L-shaped cross section.  The particular embodiment

5 includes a plurality of studs being insert-able into the plurality of stud channels such that one face of

6 each of the plurality of studs being external to the first and second faces of the rigid foam core and

7 substantially flush with a face of the rigid foam core, each of the plurality of studs being fabricated

8 using no more than four bends to produce a stud with a hat channel shape in cross-section.

9                 Patent number US 8,234,833 B2

10 A structural insulated roof panel with a rigid foam core is disclosed. A particular embodiment

11 includes a rigid foam core having first and second faces, a plurality of support channels being formed

12 on the first and second faces of the rigid foam cor, each of the support channels being formed in the

13 rigid foam core with at least one bend; and a plurality of supports being insert-able into the plurality

14 of support channels such that at least one face of each of the plurality of support is external to the

15 first and second faces of the rigid foam core and substantially flush with a face of the rigid foam

16 core, each of the plurality of supports being fabricated using at least four bends to produce a support

17 that fits within one of the plurality of support channels.

18     MK CONSTRUCTION, LLC, A CONNECTICUT LIMITED LIABILITY

19 COMPANY, MICHELE KNAPP, OR THEIR ASSIGNED has offered the estate the sum of

20 $5,000.00 for the purchase of the aforesaid assets.

21  This motion is made and based upon 11 U.S.C. Sections 363(b)(1) and 704(1), and Fed.R.Bankr.P

22 6004, the Points and Authorities set for herein, filed concurrently with this Motion, and the pleadings

23 on file and any oral arguments of counsel the Court may entertain at the hearing on the Motion.

24

25

26

27    Dated:  January 13, 2015                /s/ William A. Leonard, Jr.
                                                      WILLIAM A. LEONARD, JR
28                                                   Trustee

## POINTS AND AUTHORITIES

### FACTUAL BACKGROUND

1. This case was commenced by the filing of a Chapter 7 petition on 10/10/13.
2. WILLIAM A. LEONARD is the duly appointed Trustee in this case.
3. Debtor is represented by Seth Ballstaedt.
4. The Meeting of Creditors was scheduled for 10/01/14.
5. The Trustee has determined that Debtor's assets include the estate's interest in Debtor's Rights in patents, he has determined these assets have value that may be liquidated for the benefit of the estate.
6. The Trustee received an offer of $5,000.00 from MK CONSTRUCTION, LLC, A CONNECTICUT LIMITED LIABILITY COMPANY, MICHELE KNAPP, OR THEIR ASSIGNED . for the purchase of the estate's rights, and Interest in patents with the following patent numbers,

   A. US 8,109,055 B2

   B. US 8,109,058 B2

   C. US 8,234,833 B2

7. Accordingly, the Trustee seeks authority to sell the Asset pursuant to the following terms and conditions:

   Buyer: MK CONSTRUCTION, LLC, A CONNECTICUT LIMITED LIABILITY COMPANY, MICHELE KNAPP, OR THEIR ASSIGNED

   Purchase Price: $5,000.00

   Payable: Cash or certified funds for balance of purchase price due no later than 10 days after entry of order approving sale.

   Conditions: Asset is sold "as is, where is" and without warranty.

8. While the Trustee has concluded in his business judgement that the $5,000.00 offered by MK CONSTRUCTION, LLC, A CONNECTICUT LIMITED LIABILITY COMPANY, MICHELE KNAPP, OR THEIR ASSIGNED is acceptable, the trustee also believes it is in the best interest of the estate to consider any higher bids (pursuant to the same terms) made at or before the hearing of this motion.

///////////

1  9.    To facilitate expeditious bidding, however, the Trustee proposes that the bidding in
2  $250.00 increments.
3  10.   The Trustee has determined it is in the best interest of the estate to accept
4  MK CONSTRUCTION, LLC, A CONNECTICUT LIMITED LIABILITY COMPANY, MICHELE KNAPP, OR
5  THEIR ASSIGNED offer of $5,00.00 or such higher bid as the Trustee may receive pursuant to the
6  same terms and conditions, and that such a sale of the Asset will result in the highest net benefit to
7  the estate.
8  11.   The Trustee also request that any order approaching this sale state that it is the
9  purchaser's responsibility to comply with any state, local or federal statues, rules, ordinances and
10 regulations, and it is the purchaser's responsibility to notify the appropriate regulatory agencies
11 regarding its use of debtor's patents .
12
13 12.   The Trustee is unaware of any claims secured by the Asset to be sold. If any creditor
14 alleges that they have a perfected secured lien against the Asset, the Trustee would suggest that said
15 lien be deemed transferred to the proceeds of the sale pending further order of this court.

16                                    Memorandum of Law
17       The Trustee has a duty to reduce all property of the estate to money for the benefit of the
18 estate and creditors. These duties in a chapter 7 filing are enumerated in 11 U.S.C. 704, which
19 provides that a trustee "shall collect and reduce to money the property of the estate for which such
20 trustee serves..." In principle, a trustee should liquidate estate assets only if the estate will benefit
21 from the liquidation. In so doing, the trustee should select the method of liquidation that is most
22 beneficial to the estate. Yadkin Valley Bank & Trust Co. v. Northwestern Bank (In Re Hutchinson),
23 132 B.R. 827, 831 (Bankr. M.D.N.C. 1991).
24       Pursuant to 11 U.S.C. Sections 363(b)(1) the trustee may sell, other than in the ordinary
25 course of business, property of the estate. Fed.R.Bankr. P. 6004(f) governs the conduct of a sale not
26 in the ordinary course of business. Rule 6004(f)(1) provide that "all sales not in the ordinary course
27 of business may be by private sale or by public auction."
28

The estate is not in a position to use the patents, and therefore the Trustee has determined that selling the estate's interest (pursuant to the terms set forth in this motion) is the most expeditious and cost-effective method to ensure that assets are liquidated for the benefit of creditors. While the current offer of $5,000.00 is acceptable, the Court should consider any higher bids (pursuant to the same purchase terms) made at or before the hearing of this Motion. The Trustee purposes that bids be taken in $250.00 increments.

## CONCLUSION

Wherefore, Trustee prays for an Order authorizing (1) the sale of the estate's interest in the Asset for $5,000.00 under the terms and conditions set forth above or for such higher bid as is made at or before the hearing of this motion, (2) the Trustee to execute any and all documents necessary to effectuate the sale, and (3) such other and further relief as the Court may deem just and equitable.

Dated: January 14, 2015          /s/ William A. Leonard, Jr
                                 WILLIAM A. LEONARD, JR
                                 Trustee

5